UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH T. EVANS,                         ) | |
| ) | |
| Plaintiff,                          ) | Case No. C05-0133-MJP-JPD |
| ) | |
| v.                                          ) | |
| ) | |
| WILLIAM HAYES, et al.,             ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendants.                       ) | |
| _____) | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Plaintiff alleges that officers at the King County Correctional Facility violated his civil rights by misdirecting and opening mail that contained his medical records. The parties have filed cross motions for summary judgment and motions opposing summary judgment. Having carefully reviewed the parties' papers, supporting documents, and the available record, the Court recommends that plaintiff's motion for summary judgment be DENIED, defendants' motion for summary judgment be GRANTED, and the case be dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

Plaintiff is a state prisoner currently incarcerated at the McNeil Island Correction Center in Steilacoom, Washington. This litigation, however, concerns violations of his civil rights, which allegedly occurred while he was incarcerated at the King County Correctional

REPORT AND RECOMMENDATION
PAGE -1

Facility in Kent, Washington (the "RJC").  Plaintiff's amended complaint alleges that Major William Hayes, Staff Supervisor Lynn Manning, and RJC mail room staff member Greg Hanson violated his civil rights by misdirecting and opening mail that was addressed to him and that contained some of his medical records.  Dkt. No. 13.

On or about October 4, 2004, plaintiff requested certain medical records from St. Francis Hospital ("St. Francis").  Dkt. No. 27.  Although St. Francis sent fifty-seven pages of plaintiff's medical records to "J. Evans" at the RJC, plaintiff alleges that he never received them.  Dkt. No. 27, Letter from St. Francis to Plaintiff (Nov. 29, 2004).  Rather, because RJC mail room staff member Greg Hanson could not identify an inmate by that name, he forwarded the records to Jail Health Services, where they were opened without plaintiff's permission and outside of his presence.[1]  *Id.*; Dkt. No. 23.  Plaintiff alleges that such actions violate his Fourth, Eighth, and Fourteenth Amendment rights.[2]  *Id.*  Plaintiff has moved for summary judgment as to liability and requests that damages be determined at trial.  Dkt. No. 27.

In their response and cross-motion for summary judgment, defendants argue that plaintiff has failed to show that Major Hayes and Staff Supervisor Manning violated his civil rights.  Dkt. No. 36, 37.  They argue that a single, isolated instance of opening an inmate's confidential prison mail, even if it was negligent, does not support a § 1983 action.  *Id.*

---

[1] "Defendants also admit that an envelope from a healthcare facility was received in the mail room and that it appeared to contain medical records; that the envelope listed the addressee as J. Evans; that Defendant Hanson could not identify an inmate at that time as having that name, and that Defendant Hanson forwarded the envelope to Jail Health Services unopened."  Dkt. No. 23.

[2] Plaintiff's pleadings make reference to a variety of legal terms that suggest he is attempting to raise a claim for violation of doctor patient privilege, intentional infliction of emotional distress, a breach of contract claim, violations of prison mail policy, and a violation of C.F.R. Pt. 2.  Dkt. No. 13.  However, none of these claims appear to have a sufficient factual or legal basis for this Court to address them in further detail.  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (indicating that frivolous cases, for purposes of 28 U.S.C. § 1915(g), are defined as having "little weight or importance" and "no basis in law or fact").

REPORT AND RECOMMENDATION
PAGE -2

01   Defendants further argue that plaintiff's motion is inadequately supported by legal authority
02   and that it lacks properly developed legal arguments. *Id*. Finally, defendants argue that
03   plaintiff has not articulated adequately tort or contract claims. *Id*. Plaintiff's motion in
04   opposition argues, among other things, that defendants should have been able to determine his
05   whereabouts in the RJC and that the facts admitted in defendants' answer are sufficient for the
06   Court to grant summary judgment in plaintiff's favor. Dkt. No. 40.

07                                  SUMMARY JUDGMENT STANDARD

08          Summary judgment is appropriate when, viewing the evidence in the light most
09   favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such
10   that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A
11   material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty
12   Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact exist when the
13   evidence would enable "a reasonable jury . . . [to] return a verdict for the nonmoving party."
14   *Id.* (internal citations omitted). In response to a properly supported summary judgment
15   motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings,
16   but must set forth specific facts demonstrating a genuine issue of fact for trial and produce
17   evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R.
18   Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See
19   Anderson*, 477 U.S. at 252.

20                                              DISCUSSION

21        A.   <u>Defendants' motion for summary judgment should be granted as to
              defendants Hayes and Manning, because plaintiff has failed to show that
22            either defendant personally participated in violating his civil rights.</u>

23          In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert that
24   he suffered a violation of rights protected by the Constitution or created by federal statute, and
25   that the violation was proximately caused by a person acting under color of state or federal
26   law. *See Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991); *see also WMX*

REPORT AND RECOMMENDATION
PAGE -3

*Technologies, Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). Section 1983 liability arises only upon a showing that defendants personally participated in violating plaintiff's civil rights. *Respondeat superior* liability will not support § 1983 liability unless plaintiff demonstrates that a supervisor participated in the violations, directed the violations, or knew about the violations and did nothing to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (internal citation omitted); *see also Mabe v. San Bernardino County Dep't of Pub. Soc. Serv.*, 237 F.3d 1101, 1109 (9th Cir. 2001).

In this case, plaintiff has failed to demonstrate that defendants Hayes and Manning personally participated in any violation of his constitutionally protected civil rights. Plaintiff's pleadings do not demonstrate that defendants Hayes and Manning took any action with respect to the routing or opening of plaintiff's mail. Rather, the only action Major Hayes appears to have taken in connection with this matter was to respond to plaintiff's inmate grievance. In a letter dated January 3, 2005, Major Hayes indicated that plaintiff's mail containing certain health records was inadvertently sent to Jail Health Services. Dkt. No. 13, Letter from Major Hayes to Plaintiff (Jan. 3, 2005). Plaintiff alleges no further involvement on the part of Major Hayes. Hence, when construing the evidence in a light most favorable to the plaintiff, there is no indication that Major Hayes personally participated in the alleged violations, that he directed them, or that he knew about them and did nothing to prevent them. Defendants' motion for summary judgment should therefore be granted as to Major Hayes.

Similarly, plaintiff fails to demonstrate how Staff Supervisor Manning personally participated in the violation of his civil rights. It appears that plaintiff's complaint with respect to Staff Supervisor Manning is that "she did not adequately no[r] even meaningful [sic] show concern" for plaintiff's mail. Dkt. No. 27, Statement of Undisputed Facts. He also appears to take issue with the response Supervisor Manning gave to a grievance he filed on this issue. Dkt. No. 40. Even taken in the light most favorable to plaintiff, these allegations do not demonstrate that Supervisor Manning personally participated in the alleged violations, directed

REPORT AND RECOMMENDATION
PAGE -4

them, or knew about the violations and did nothing to prevent them. At best, they suggest she did not respond to plaintiff's grievance in the manner he preferred. Defendants' motion for summary judgment should therefore be granted as to Staff Supervisor Manning.

B. <u>Defendants' motion for summary judgment should be granted as to Greg Hanson on plaintiff's Fourth, Eighth, and Fourteenth Amendment claims.</u>

Defendants' motion for summary judgment should be granted as to mail room staff member Greg Hanson on plaintiff's Fourth, Eighth, and Fourteenth Amendment claims. Although the Ninth Circuit has not spoken directly on this issue as to date, several courts of appeals have held that a single, isolated case of a prison official opening an inmate's mail, without any evidence of improper motive or resulting interference with the inmate's right to counsel or access to the courts, does not give rise to a constitutional violation for purposes of § 1983. *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *see Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975). Here, there is no allegation that the opening of plaintiff's mail was anything more than an isolated incident. Dkt. No. 23. Additionally, there is no allegation that in any way the incident interfered with plaintiff's right to counsel or access to the Courts.

Moreover, there is no evidence that Mr. Hanson was motivated by any ill intent. To the contrary, plaintiff has alleged that Mr. Hanson was negligent in his handling of plaintiff's mail.[3] Indeed, he argues that Mr. Hanson should have been able to identify his whereabouts in the RJC and that he should have returned the mail to sender, rather than route it to Jail Health Services. Dkt. Nos. 27, 40. However, "mere negligence [does not] sustain a . . . claim under section 1983[.]" *Stevenson v. Koskey*, 877 F.2d 1435, 1440-41 (9th Cir. 1989). Thus, even

---

[3]Throughout plaintiff's complaint and other papers, he consistently refers to negligence and principles of negligence. In a few instances he uses terms that suggest he believes defendants acted willfully, e.g., defendants acted with "willful negligence[.]" Dkt. No. 13. Looking at plaintiff's papers as a whole, however, the gravamen of his complaint is that defendants acted negligent.

REPORT AND RECOMMENDATION
PAGE -5

when viewing the facts in the light most favorable to plaintiff, he cannot prevail on his § 1983 claim against Mr. Hanson.

### C. Mr. Hanson is entitled to qualified immunity.

Even if plaintiff's claim against Mr. Hanson is proper under § 1983, summary judgment should be granted for defendant on grounds of qualified immunity.[4] Public officials who perform discretionary functions enjoy qualified immunity in a civil action for damages, provided that his or her conduct does not violate clearly established federal statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether an official is entitled to qualified immunity, the court must first determine whether the facts alleged, when taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194, 201 (2001); *Cruz v. Kauai County*, 279 F.3d 1064, 1068 (9th Cir. 2002). If the plaintiff's pleadings could be found to allege a violation of a constitutional right, the court must determine whether the right was "clearly established" at the time of the alleged violation. *Saucier,* 533 U.S. at 201; *Cruz*, 279 F.3d at 1069.

A right is "clearly established" if its contours are clear enough for a reasonable official to understand that his or her actions would violate that right.[5] *Id.* at 202 (citing *Anderson v.*

---

[4] Although defendants do not raise the qualified-immunity defense in their motion for summary judgment, they did raise it in their answer. Dkt. No. 23; *see Sonoda v. Cabrera*, 255 F.3d 1035, 1040 n.2 (9th Cir. 2001) (indicating that district court may grant motion *sua sponte* for summary judgment *sua sponte* on qualified immunity grounds when defendants raise it in their answer).

[5] The Court must turn first to controlling authority in this Circuit or from the Supreme Court of the United States. *Sorrels*, 290 F.3d at 970. If no controlling authority exists, the Court should next turn to decisions of "sister Circuits, district courts, and state courts." *Id.* (internal citations omitted).

REPORT AND RECOMMENDATION
PAGE -6

*Creighton*, 483 U.S. 635, 640 (1987)).  Because it is often difficult for officials to determine whether their conduct is consistent with the law, the dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. Thus, an official who makes a mistake in applying the relevant legal doctrine may still be entitled to qualified immunity if his or her mistake was reasonable. *Kennedy v. City of Ridgefield*, 411 F.3d 1134, 1141-42 (9th Cir. 2005).  Plaintiff bears the burden of showing that the right in question was clearly established under this second prong. *Sorrels*, 290 F.3d at 969.

In this case, plaintiff has failed to articulate a clearly established constitutional right. The Ninth Circuit, for example, has held that the opening of an inmate's mail from public agencies, public officials, and the news media, outside the inmate's presence, is not an actionable constitutional violation. *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam).  In addition, the Court has held that inadvertently opening an inmate's legal mail outside of his presence does not give rise to a § 1983 claim. *Stevenson*, 877 F.2d at 1441. The private nature of medical records notwithstanding, plaintiff has not shown that there is a clearly established right to having his medical mail opened only in his presence.  Even if such a right does exist, Mr. Hanson's decision to send plaintiff's medical mail to Jail Health hardly can be considered unreasonable.  Mr. Hanson is therefore entitled to qualified immunity, and defendants' motion for summary judgment should be granted to him on that basis.

### CONCLUSION

For the reasons discussed above, defendants' motion for summary judgment should be granted and the case dismissed with prejudice.  Plaintiff's motion for summary judgment should be denied.  A proposed order accompanies this Report and Recommendation.

DATED this 13th day of October, 2005.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge